IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOGDAN CHEREVKO, *Plaintiff,* | § | SA-25-CV-00928-FB |
| vs. | § | |
| ERNST & YOUNG, LLP, *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion to Proceed *in Forma Pauperis* on Appeal [#68], which was referred to the undersigned for disposition on September 18, 2026 [#75]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion [#68] be **DENIED**.

## I. Background and Analysis

Plaintiff has filed an appeal with the Fifth Circuit Court of Appeals and asks the Court to permit him to proceed without paying the costs and fees associated with that appeal. The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[1] Fed.

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action. Therefore, the provisions of Rule 24(a)(3), which permits a party already

R. App. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees, claims an entitlement to redress, and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that her financial condition qualifies her to proceed under the IFP statue, a movant must also demonstrate that her appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Plaintiff includes a "summary of issues and basis for appeal" in his motion to proceed *in forma pauperis*. Plaintiff explains that he intends to challenge whether the arbitration agreement's contractual prerequisites for proceeding to binding arbitration were satisfied before Defendant sought to compel arbitration. This same argument has been advanced by Plaintiff multiple times during this litigation—and has been rejected by the undersigned and Judge Biery. Defendant filed and prevailed on its motion to compel arbitration. Plaintiff never even filed a response to that motion. Even though under W.D. Tex. Local Rule 7, the Court could have granted that motion as unopposed, in granting the motion to compel, the Court also reached the merits of the motion and held the arbitration agreement between the parties was enforceable. Despite the Court's order compelling arbitration, Plaintiff refused to initiate or participate in the arbitration and continued to file briefing on the docket advancing the same argument he now attempts to advance on appeal. After repeatedly warning Defendant about the consequences of

---

obtaining IFP status to proceed on appeal "without further authorization," do not apply.

failing to comply with the Court's order to compel and participate in the arbitration, the undersigned issued a Report and Recommendation that the case be dismissed for failure to prosecute and for failure to follow a Court order. Plaintiff filed objections (and supplemental objections) to this Report and Recommendation, in which he again raised the same arguments he is attempting to raise on appeal. Judge Biery summarily overruled the objections and adopted the recommendation to dismiss the case.

Plaintiff has not articulated any basis for his belief that the District Court's ruling was erroneous. Instead, Plaintiff again raises meritless arguments made in his previous filings and fails to address the Court's basis for the dismissal—that Plaintiff refused to follow Court orders and prosecute his case in accordance with them. Accordingly, the undersigned recommends that Plaintiff's motion to proceed IFP on appeal be denied because he has not met his burden to establish a nonfrivolous basis for his appeal. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3). This recommendation does not bar Plaintiff from pursuing his appeal, only from proceeding without paying the fees typically assessed on all litigants seeking further review of their claims.

## **II. Conclusion and Recommendation**

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* on Appeal [#68].

## **III. Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation

must be filed **within fourteen (14) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if

they are subsequently raised before the reviewing district [judge] in objections to the magistrate judge's report and recommendation.").

SIGNED this 29th day of September, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE